IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ABNER ORTIZ, individually and on behalf of all others similarly situated<br>Plaintiff,<br>v.<br><br>KORBIN INSULATION SYSTEMS, LLC, and JAMES C. BROUSSARD<br>Defendants. | Civil Action No. 4:18-cv-547<br><br>Jury Demanded |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, individually and on behalf of all others similarly situated files this Original Collective Action Complaint, and states:

### I. SUMMARY

1. This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Plaintiff routinely worked in excess of 40 hours per week on Defendants' behalf but was not paid lawfully for doing so because Defendants only paid Plaintiff on a day and piece rate basis. Plaintiff files this suit on behalf of himself and all other similarly-situated former and current workers. Defendants' actions in failing to pay Plaintiff and its other workers overtime in violation of the FLSA were "willful."

### II. PARTIES

2. Plaintiff Ortiz ("Plaintiff") is an individual and his Consent to proceed in this action is attached as "Exhibit A."

3. The Plaintiff and "Class Members" are Defendants' current and former Insulation Installers (or individuals who performed similar duties under distinct titles) who were paid primarily on a pure day rate basis.

4. Defendant Korbin Insulation Services, LLC ("Korbin") does business and is headquartered in this District and can be served with process through its registered agent, James C. Broussard, who may be served at 525 B Industrial Blvd., Grapevine, TX 76051 USA or wherever he may be found.

5. Defendant James C. Broussard, who is an individual and may be served at 525 B Industrial Blvd. Grapevine, TX 76051 USA or wherever he may be found.

### III.    JURISDICTION AND VENUE

7. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

8. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this District.

### IV.    COVERAGE

9. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

10. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an

annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

V. FACTUAL ALLEGATIONS

11. Defendants own and operate an insulation business that operates in this District and throughout Texas and does more than $500,000 in business per year.

12. Individual Defendant James C. Broussard managed and controlled the day-to-day operations of Korbin during the relevant time period and have (1) had the power to hire and fire Plaintiff and the Class Members, (2) controlled the amount and manner in which Plaintiff and the Class Members were paid, (3) regularly controlled and established company rules for the Plaintiff and the Class Members, (4) represented themselves as "managers" of Defendants' operations, (5) founded or contributed to the pay plan or practices at issue in this case, or (6) served as owners, officers, or directors of Korbin.

13. Plaintiff specifically worked as and was referred to as an "Insulation Installer" during the period covered by this lawsuit and until approximately January of 2018.

14. In this capacity, Plaintiff primarily performed manual labor tasks, including in and around Defendants' job sites and primarily outside of an office environment. Plaintiff performed non-discretionary tasks as he was assigned and instructed by Defendants.

15. Plaintiff routinely worked over 40 hours per week ("overtime"). In fact, he was often required to work in excess of 50 hours in weeks covered by this lawsuit and for Defendants. However, he was not paid overtime for doing so. Rather, he was primarily paid a

pure day rate that did not provide overtime pay for overtime worked. Defendants knew that Plaintiff worked in excess of 40 hours per week and they allowed and directed him to do so.

16. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per work week and lawful minimum wage. Defendants were aware of the FLSA's requirements and chose not to pay Plaintiff lawfully. Defendants received complaints regarding the excessive work hours and lack of overtime pay from Plaintiff. Defendants willfully refused to pay Plaintiff overtime pay and in accordance with the law.

## VI. COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Specifically, Plaintiff and the Class Members were all paid on a day rate basis and not paid overtime premium pay for their overtime hours worked. Accordingly, the Class Members were victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff.

18. Defendants' failure to pay Plaintiff and the Class Members at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week and lawful minimum wage. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

19.     Defendants knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime compensation and minimum wage with respect to Plaintiff and the Class Members.

## VII.     CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

20.     During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees.  Defendants acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.     RELIEF SOUGHT

21.     WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a.     For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b.     For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.     For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d.  For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

  /s/ Jay Forester_____ _____

**FORESTER HAYNIE PLLC**

J. FORESTER
ATTORNEY IN CHARGE
Texas Bar No. 24087532
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document will be served on Defendants with the Summons.

/s/ *Jay Forester*_____ _____

**J. FORESTER**